No. 66,231

In the Matter of JO ELAINE HEAVEN, *Respondent.*

(813 P.2d 928)

Opinion filed July 12, 1991.

*Stanton A. Hazlett,* deputy disciplinary administrator, argued the cause, and *Bruce E. Miller,* disciplinary administrator, was with him on the formal complaint for petitioner.

*Richard E. Jones,* of Topeka, argued the cause for respondent.

*Per Curiam:* This is an original proceeding in discipline filed by the disciplinary administrator against Jo Elaine Heaven of Topeka, an attorney admitted to the practice of law in Kansas. A hearing was held on September 18, 1990, before a panel of the Kansas Board for Discipline of Attorneys. The respondent appeared in person and by her attorney Richard E. Jones.

The complaint against respondent involves her actions in a check kiting operation with her personal bank accounts and with her attorney trust account. The accounts were at Shawnee Federal Savings, Topeka Bank and Trust, and Bank IV. The respondent admitted the allegations in the complaint to be true and testified in mitigation of her conduct, a summary of which is set out.

Ms. Heaven earned a Masters degree in social work from Kansas University. She pursued a social work career for several years, during which time she taught part-time at Wichita State University. She considers herself a pioneer in Kansas in the development of specialized service units for child protection. She saved money from these jobs to enter law school. She wished to combine a legal career with social work. She and her adopted daughter moved to Topeka and she enrolled in Washburn Law School. She graduated with above average grades and went to work for Court of Appeals Judge Sherman Parks as a research attorney. Thereafter, she entered the private practice of law against the advice of Judge Parks. Her experience in the law practice was catastrophic, relegated primarily to court appointments with no office practice. She did not make a living practicing law. Her

funds were gone. As a result she began applying for numerous positions, including non-legal. She was rejected as being over-qualified.

Ms. Heaven continued to keep her law office open even though she saw very few clients. She kept hoping conditions would change as she had two children and an 85-year-old cousin to provide for. Eventually, she lost her house and was forced to live in a friend's vacant house which had no heat or running water. These dire circumstances were the cause of the check kiting. She denies ever using any client funds for her own use.

Ms. Heaven has abandoned her dream of engaging in the private practice of law. Her objective now is to obtain employment in a government agency or with a corporation where she can use her legal and social work skills.

The disciplinary panel found the respondent had violated MRPC 1.15 (1990 Kan. Ct. R. Annot. 247) and MRPC 8.4 (1990 Kan. Ct. R. Annot. 290). The panel took into consideration the mitigating circumstances and recommended that Ms. Heaven be suspended from the practice of law for a period of six months in accordance with Standard 4.12 of the ABA Standards for Imposing Lawyer Sanctions (1986).

After a careful review of the record and taking into consideration the panel's recommendation, the mitigating circumstances, and that respondent has not been practicing law for more than the six months for which the panel recommended she be suspended, this court is of the opinion that suspension not be imposed but that respondent be placed on probation for a period of one year during which time she is not to engage in the private practice of law except when supervised by a person admitted to the practice of law in Kansas and who is acceptable to the disciplinary administrator as a supervisor.

IT IS BY THE COURT SO ORDERED.

IT IS FURTHER ORDERED that in the event respondent fails to abide by the conditions set out herein, a show cause order shall issue to the respondent and this court shall take whatever disciplinary action it deems appropriate without further formal proceedings.

IT IS FURTHER ORDERED that respondent pay the costs of these proceedings and that this order be published in the official Kansas Reports.